46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael Anthony GRAYS, Appellant.
United States of America, Appellee,
v.
Dion Ivan Patterson, Appellant.
 No. 94-3087, No. 94-2389.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 6, 1995.
Filed: Jan. 26, 1995.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these direct criminal appeals, Michael A. Grays and Dion I. Patterson challenge their convictions for conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. Sec. 846. The court, on its own motion, has consolidated these cases for submission and opinion. We affirm.
 
 
 2
 Pursuant to a federal search warrant, officers found a quantity of crack cocaine in a package addressed to a certain residence. Following a controlled delivery, pursuant to a state search warrant, officers searched the residence and recovered the unopened package, along with other controlled substances and various weapons. Grays and Patterson were arrested. In his separate pretrial proceedings, Grays moved to suppress the fruits of the searches and statements made to police following his arrest, arguing the applications for the warrants did not establish probable cause. After a hearing, the district court[1] denied the motion. Grays entered a conditional guilty plea and was sentenced to 21 months in prison.
 
 
 3
 When Patterson's case proceeded, the district court, without a hearing, denied his motion to suppress as moot. After a jury trial, Patterson was found guilty and sentenced to 270 months imprisonment.
 
 
 4
 Grays and Patterson appeal the district court's denial of their motions to suppress. Patterson also argues that the district court erred in denying his motion without a hearing, and that there was insufficient evidence to convict him.
 
 
 5
 The denial of the motions to suppress was supported by a reasonable view of the evidence. See United States v. Bloomfield, No. 93-2970, 1994 W.L. 643872, at * 2 (8th Cir. Nov. 16, 1994) (standard of review when district court fails to make factual findings in ruling on motion to suppress). As to the federal warrant for the package, a supporting affidavit, which detailed how an informant's prediction about the delivery of the package to the residence was corroborated, suspicious facts about the addresses on the package, and a trained narcotics dog's positive response to the package, established probable cause. Cf. United States v. McGauley, 786 F.2d 888, 891-92 (8th Cir. 1986) (issuance of search warrant proper where affidavits indicated informant described suspect, suitcase to be picked up, and flight on which bag would be arriving; affidavits noted police corroborated this information and found name and address on suitcase to be invalid; and affidavits described trained police dog's alert to suitcase). As to the state warrant to search the residence, a state affidavit, supplemented by the federal affidavit and warrant, which together detailed the interception of crack cocaine and that its intended destination was the residence, established probable cause. Cf. United States v. Copeland, 538 F.2d 639, 642 (5th Cir. 1976) (magistrate acted properly in considering supplemental affidavit sworn to before special agent, not magistrate).
 
 
 6
 Furthermore, Patterson's motion did not warrant a hearing as he set forth only conclusory allegations, void of factual support. See United States v. Mims, 812 F.2d 1068, 1073-74 (8th Cir. 1987). There also was sufficient evidence from which a rational trier of fact could have found Patterson guilty beyond a reasonable doubt. See United States v. Sutton, No. 94-2597, slip. op. at 6 (8th Cir. Dec. 7, 1994) (standard of review). Grays testified about an agreement between him and Patterson in which Patterson would supply Grays with crack cocaine, and Grays would sell it, keeping part of the money and giving the rest to Patterson. See United States v. Robbins, 21 F.3d 297, 299 (8th Cir. 1994) (elements of conspiracy).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas